JOHN C. DEFRANCO, ESQ. ISB 4953
ELLSWORTH, KALLAS & DEFRANCO, P.L.L.C.
1031 E. Park Blvd.
Boise, ID 83712
Phone: (208) 336-1843
Fax: (208) 345-8945

Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. CR 00068-007-S-EJL |
| vs. | ) | SENTENCING MEMORANDUM |
| | ) | AND NOTICE OF INTENT TO |
| MATHEW GROVER, | ) | SEEK A VARIANCE |
| Defendant. | ) | |

**18 U.S.C. § 3553 Factors**

A.  § 3553 (a)(1) The Nature And Circumstances Of The Offense And The History And Characteristics Of The Defendant.

    Mr. Grover's case is an amalgam of individual criminal acts collected under the umbrella of a racketeering enterprise. His crimes have been characterized as having promoted and sustained a street gang in rural Idaho. Mr. Grover acknowledges his involvement. He admits selling firearms and methamphetamine (other drugs as well). He also admits he was a gang member. Furthermore, his criminal behavior coincided with his gang membership. His affiliation provided both an identity and a moniker. It created opportunities to associate with fellow drug users and individuals dedicated to

SENTENCING MEMORANDUM/NOTICE OF INTENT TO SEEK VARIANCE    1

living on the fringes of their community.

Mr. Grover's childhood was no different than most.  He attended elementary and high school.  He was always involved in a sport or an activity.  He was regarded as a normal kid.  He came from a home divided by a divorce.  His father was a trucker who spent significant time away.  He provided a stable income for the family.  Mr. Grover's typical life changed when his biological mother developed a drug addiction.  She was convicted and punished for selling drugs.  His father and she divorced when he was three years old.  It's unknown if there is a cause and effect relationship between his early childhood and his present circumstances.  In one respect it's reasonable to infer it should intimidate someone from painfully recreating the mistakes of a misguided parent.  On the other hand children emulate those they love.  Mr. Grover was very young when his mother complicated the life of her family.  A portion of his adolescence must have been spent interpreting her decisions.

In recent years his biological mother has embraced a legitimate lifestyle.  She keeps abreast of her son's case.  She acknowledges her failure as a parent.  Surprisingly, he harbors no resentment towards her.  He views his choices as his own.  If anything he finds her experience reassuring.  She survived.  He has witnessed her efforts to reinvent a personal life and a career after having humiliated herself.  He would like an opportunity to live the same way.

Unfortunately, Mr. Grover amassed a significant criminal record in his youth.  He followed in the footsteps of his mom and became an addict.  The application of the sentencing guidelines takes his criminal history into account.  The defense argues there is some mitigation within his history.  However it may be slight.  His involvement in a

street gang facilitated his abuse of methamphetamine. He sold stolen material to get money to obtain drugs. Given the size of his community, and the neighboring ones around him, an organization of like-minded young people organizing to break the law was not unimaginable. The defense posits larger communities can sustain groups of individuals dedicated to criminal behavior more easily and without the need for a strict organization with identifiable members. There is strength in numbers. His willingness to be a member was a by-product of his desire to remain under the influence. He increased his access to drugs through the gang. He didn't appear to exhibit a deeply held desire to promote it. He just wanted to keep using. His lack of a commitment to the ideals espoused by the gang is evidenced by his unwillingness to decorate his body with tattoos advertising it.

The facts of the case suggest his commitment to the ethos of the gang was questionable. The PSR generically addresses the issue of members not programming in prison, and the need to obstruct the purposes of the various institutions its members inhabit. (PSR Page 7, Paragraph 18) Regarding Mr. Grover, the PSR identifies a program note from an institution reflecting his desire to remain connected to his associates. In particular there was a recovered letter from Alfredo Castro, the alleged gang kingpin, asking him to "flop" his rider. (PSR Page 9, Paragraph 26)[1]

Mr. Grover did not successfully complete his rider. It may have been his desire to fail as ordered, or it could have been his inability to conform to the rules given his immaturity. Regardless, he failed to successfully complete it. As Mr. Grover explains it, he had completed the program and was informed he would be recommended for

---

[1] Mr. Grover served two (2) periods of retained jurisdiction the first resulted in relinquished jurisdiction the second he was granted probation.

SENTENCING MEMORANDUM/NOTICE OF INTENT TO SEEK VARIANCE        3

probation. In the weeks that followed, while he was waiting to be transported back to the county where he was sentenced, he was written up for a violation. He was no longer in class and had more idle time. He wrote a rap song that was gang related. The officers found it. His jurisdiction was relinquished. Luckily, his penitentiary stay was short lived. His dedicated public defender (Kelly Whiting) filed a successful Idaho Criminal Rule 35 motion to reconsider his sentence. It was granted. Mr. Grover walked out of prison and was placed on probation.

Mr. Grover did not take full advantage of his opportunity to live freely. Within two years after his release he started using drugs and violating his rules of supervision. However, his rehabilitative experiences were not wasted. At his last criminal sentencing on a probation violation he was sentenced to a second period of retained jurisdiction. This time around he dedicated himself to embracing change for the long run. He recognized the futility of an addict's life. Moreover, he rejected his allegiance to his former gang. In an ultimate act of defiance he joined a rival gang member in putting on a presentation at the rider facility in Cottonwood, Idaho. He identified himself as a former sureno (southsider), and he joined a norteno (northsider) in presenting to a group of impressionable inmates on the folly of an affiliated life. His renunciatory tone punctuated his message.

Upon reflection Mr. Grover will be the first to attest to the stupidity of the gang dogma. He is sober and mature and has demonstrated the same. Despite having earned an opportunity to be on probation following his last retained jurisdiction he was not released. His opportunity was interrupted by the indictment in this case. Currently he is supervised in the Third Judicial District in the State of Idaho, in Payette. It's noteworthy

SENTENCING MEMORANDUM/NOTICE OF INTENT TO SEEK VARIANCE         4

to point out Mr. Grover chose an unproductive lifestyle. He experienced a divorce, his dad being on the road and his mom's criminal behavior. These experiences shaped him. Regardless, he chooses not to deflect responsibility for his behavior onto others. His history, most importantly his recent history supports an argument the court should consider the legitimacy of his reduced role in the offense. It may also support a platform for the defense to argue for a variance from a guidelines range sentence. Mr. Grover's defense serves notice of its desire for an opportunity to argue for a sentence outside the heartland.

B.   § 3553 (a)(2)(A) To Reflect The Seriousness Of The Offense, To Promote Respect For The Law, And To Provide Just Punishment For The Offense.

The sentencing guidelines contemplate a penitentiary sentence. A penitentiary sentence is a reasonable sentence. The government's attorney and defense counsel resolved the case estimating a probable guidelines range sentence. The original PSR identified a low-end guidelines range sentence of fifty-seven (57) months. The Government has agreed to recommend a low-end guidelines range sentence.

The defense concedes his charges are serious. Especially when the enterprise is/was dedicated to violent actions designed to further its ideals. It does not present a sympathetic picture of Mr. Grover. The defense avers the bulk of the most egregious anti-social behavior did not directly involve him. He was more concerned with satisfying an addiction. He understands further punishment is necessary to specifically deter him from future criminality.  He has assimilated the message to all communities large and small that there are consequences for breaking the law. He believes a sentence that affords him an opportunity to be free sooner than later will still promote respect for the law. He is hopeful the court will consider a sentence of forty-six (46) months.

SENTENCING MEMORANDUM/NOTICE OF INTENT TO SEEK VARIANCE        5

RESPECTFULLY submitted this 19th day of December, 2011.

                LAW OFFICES OF ELLSWORTH,
                KALLAS & DEFRANCO, P.L.L.C.

                By_____/s/_____
                John C. DeFranco,
                Attorney For Defendant

CERTIFICATE OF MAILING

I hereby certify that on this 19th day of December, 2011, a true and correct copy of the foregoing instrument was e-mailed to the following:

United States Probation & Pretrial Office
**Mr. Levi Wullenwaber, USPO**
801 E. Sherman, Room 143
Pocatello, Idaho 8320

United States Attorney
**AUSA Christian S. Nafzger**
Washington Group Plaza
Plaza IV, Suite 600
800 Park Boulevard, Boise, ID 83712


_____/s/_____
John C. DeFranco

SENTENCING MEMORANDUM/NOTICE OF INTENT TO SEEK VARIANCE          7