WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO  83712
TELEPHONE:  (208) 334-1211
FACSIMILE: (208) 334-1038

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 11-068-S-EJL-09 |
| Plaintiff, | |
| vs. | GOVERNMENT'S SENTENCING MEMORANDUM |
| JESSIE RODRIGUEZ, | |
| Defendant. | |

The United States of America and Wendy J. Olson, United States Attorney for the District of Idaho, and Christian S. Nafzger, the undersigned Assistant United States Attorney, submit the following memorandum setting forth the Government's position at sentencing. The Government recommends that the Court sentence the defendant to a term of imprisonment of 115 months.

GOVERNMENT'S SENTENCING MEMORANDUM - 1

## BACKGROUND

The Grand Jury indicted the defendant on one count of conspiracy to participate in a racketeering enterprise, three counts of attempted murder in aid of racketeering, and one count of assault with a dangerous weapon in aid of racketeering. On October 31, 2011, a Superseding Information was filed, charging the defendant with conspiracy to participate in a racketeering enterprise, assault with a dangerous weapon in aid of racketeering, attempted murder in aid of racketeering, and assault with a dangerous weapon in aid of racketeering. The defendant pleaded guilty to all four counts in the Superseding Information. Because the defendant assisted authorities in the prosecution of his own conduct by timely notifying authorities of the intention to enter a plea of guilty, the Government moves to decrease his offense level by one additional level, pursuant to § 3E1.1(b). Pursuant to the plea agreement, the Government asks this court to sentence the defendant to the high end of the calculated Guidelines range.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework which the district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties. Courts may not presume that the guidelines range is reasonable. Nor should the guidelines factors be given more or less weight than any other. They are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

*GOVERNMENT'S SENTENCING MEMORANDUM - 2*

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## SENTENCING CALCULATION

### I. Statutory Maximum and Minimum Sentence

The defendant faces a statutory maximum sentence on count one, conspiracy to participate in a racketeering activity, of twenty years. Counts two and four carry a maximum term of twenty years. Count three carries a maximum term of ten years.

### II. United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

#### A. Offense Level Calculation

The final PSR calculated the defendant's offense level to be 26. The Government concurs with this calculation.

#### B. Criminal History Calculation

The initial PSR calculated the defendant's criminal history to be a category IV. The Government concurs with this calculation.

#### C. Advisory Guidelines Range

An offense level of 26, with a criminal history category IV, results in a Guidelines range of 92-115 months.

*GOVERNMENT'S SENTENCING MEMORANDUM - 3*

## IMPOSITION OF SENTENCE

I.  **Imposition of a Sentence under 18 U.S.C. § 3553**

    A.    <u>18 U.S.C. § 3553(a) factors</u>

        1.    <u>The nature and circumstances of the offense</u>

The defendant has admitted to participating in the attempted murder of a gang rival, firing shots into a crowded celebration of a child's baptism, and threatening others with a knife, all on behalf of and to further the criminal goals of his gang. He has been a violent and active member of a violent street and prison gang that was responsible for murder, numerous attempted murders, stabbings, distribution of controlled substances, trafficking in firearms, theft, arson, intimidation and property destruction. His involvement with this violent gang was over a prolonged period of time. He has repeatedly shown his willingness to threaten, injure and kill others to further the goals of the Brown Magic Clica. For that, a significant prison sentence is warranted.

        2.    <u>The history and characteristics of the defendant</u>

The defendant has five separate criminal convictions. He committed these crimes while under a criminal justice sentence. The defendant has repeatedly violated conditions of his probation, committed new crimes while on probation, and violated orders of the court. The state court has attempted to compel the defendant's compliance with the conditions of his probation by imposing jail terms, extending probation, placing the defendant under house arrest and, finally, imposing time in prison. None of these have deterred this defendant from further involvement in criminal activity or affected his loyalty to his gang.

Prior criminal justice sentences have failed to encourage the defendant to live a law abiding life. The state has expended considerable resources to provide the defendant the tools

that he needs to be a productive law abiding citizen. However, the defendant has failed to utilize those tools, opting instead to further the goals of his gang.

The defendant has already reached the third highest criminal history category contemplated by the Guidelines at the young age of 27. This factor demands a significant prison sentence.

        3.      <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment</u>

A significant prison sentence is warranted in order to reflect the seriousness of this defendant's offenses. The defendant has shown a willingness to use firearms and dangerous weapons to further the goals of his gang and has shown a complete disregard for the lives of others.

According to the FBI's 2009 National Gang Threat Assessment, there are approximately one million gang members belonging to more than 20,000 gangs that were criminally active within all 50 states as of September of 2008. This study found that gang members are migrating from urban areas to rural areas at an alarming rate. For those that live and work in rural Idaho and Oregon, particularly in the western Treasure Valley, a statistical analysis from the FBI is not necessary to inform them of what they already know. Those individuals, like this defendant, that have willingly joined and furthered the criminal goals of violent street gangs, have greatly affected the quality of life for those living in the Treasure Valley. The proliferation of drive-by shootings in our community is the sole responsibility of criminal street gangs. This defendant has participated in a drive-by shooting, and his gang has been responsible for numerous other drive-by shootings. This defendant, and his fellow gang members, have shown a complete disregard for the law and of their fellow citizens. The sole purpose of BMC is to terrorize our community for their own selfish goals of power, respect, and money. This defendant has actively

*GOVERNMENT'S SENTENCING MEMORANDUM - 5*

terrorized his community in the name of his gang.  Therefore, a significant prison sentence is necessary.

      4.  <u>The need for the sentence imposed to afford adequate deterrence and to protect the public</u>

  The primary justification for a significant prison sentence in this case is to protect the public.  This defendant has demonstrated through his criminal acts that he poses a grave risk to the public.  By furthering the goals of this violent street gang, he bears responsibility for the litany of violent acts committed by his gang.  Family members have suffered the loss of a loved one.  Neighborhoods have lost a sense of security due to the numerous drive-by shootings committed by this defendant and his gang.  Members of BMC shot, stabbed, and threatened to kill people in our community.  A lengthy prison sentence will afford the public protection for a period of time while this defendant is incarcerated.  A significant prison sentence will not only deter this defendant from further participation in criminal street gangs but will, hopefully, deter others who may be tempted to devote their lives to such destructive activity.

    B.  <u>Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)</u>

  The government's high end guidelines recommendation is based in part on the fact that such a sentence properly reflects the accumulated wisdom and expertise of the Sentencing Commission, and serves the vital goal of uniformity and fairness in sentencing.  The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence.  *Kimbrough v. United States*, 552 U.S. 85, 90 (2007).  It remains, however, that "the Commission fills an important institutional role:  It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise."  *Id.* at 108-09 (internal quotation marks omitted).  Thus, "the Commission's recommendation of a sentencing range will 'reflect a rough

*GOVERNMENT'S SENTENCING MEMORANDUM* - 6

approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The guidelines are the sole means available for assuring some measure of uniformity in sentencing, thereby fulfilling a key congressional goal in adopting the Sentencing Reform Act of 1984.  Reference to the guidelines, while carefully considering the 3553(a) factors, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments.  Therefore, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6.

The guidelines deserve significant respect.  The government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness.  A district court, however, must consider the guidelines range, *see* § 3553(a)(4), and is usually well-advised to follow the Sentencing Commission's advice in order to assure fair, proportionate, and uniform sentencing of criminal offenders.  Moreover, there are no other 3553(a) factors in this case which mitigate against imposition of a sentence within that range; to the contrary, the 3553(a) factors on balance support the imposition of the recommended guidelines sentence.  Accordingly, the government recommends a within-guidelines sentence of 115 months.

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 115 months for the defendant's commission of the crime of conspiracy to participate in a racketeering activity, attempted murder in aid of racketeering, and two counts of assault with a dangerous weapon in aid of racketeering. The government submits that a sentence of 115 months is sufficient, but not greater than

necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 14th day of February, 2012.

        WENDY J. OLSON
        United States Attorney
        By:

        _____
        /s/ Christian S. Nafzger
        Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2012, the foregoing Government's Sentencing Memorandum was electronically filed with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to the following person:

Greg S. Silvey
Attorney at Law
Post Office Box 565
Star, Idaho 83669
greg@idahoappeals.com

_____
/s/ Christian S. Nafzger

*GOVERNMENT'S SENTENCING MEMORANDUM - 9*