WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO  83712
TELEPHONE:  (208) 334-1211
FACSIMILE:  (208) 334-1038

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 11-068-S-EJL-04 |
| Plaintiff, ) | |
| ) | GOVERNMENT'S SENTENCING |
| vs. ) | MEMORANDUM |
| ADAM GOMEZ, a/k/a "Lil Toro," ) | |
| Defendant. ) | |

The United States of America and Wendy J. Olson, United States Attorney for the District of Idaho, and Christian S. Nafzger, the undersigned Assistant United States Attorney, submit the following memorandum setting forth the Government's position at sentencing. The Government recommends that the Court sentence the defendant to a term of imprisonment of 51 months.

## BACKGROUND

The Grand Jury indicted the defendant on one count of conspiracy to participate in a racketeering enterprise. On October 13, 2011, he pleaded guilty to one count of conspiracy to participate in a racketeering activity. Because the defendant assisted authorities in the prosecution of his own conduct by timely notifying authorities of the intention to enter a plea of guilty, the Government moves to decrease his offense level by one additional level, pursuant to § 3E1.1(b). Pursuant to the plea agreement, the Government asks this court to sentence the defendant to the low end of the calculated Guidelines range.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework which the district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties. Courts may not presume that the guidelines range is reasonable. Nor should the guidelines factors be given more or less weight than any other. They are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

**SENTENCING CALCULATION**

I.   **Statutory Maximum and Minimum Sentence**

The defendant faces a statutory maximum sentence on count one, conspiracy to participate in a racketeering activity, of twenty years.

II.  **United States Sentencing Guidelines Calculation**

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

    A.   Offense Level Calculation

The final PSR calculated the defendant's offense level to be 31. Pursuant to the plea agreement, the Government stipulated that the defendant's base offense level is 21 based upon the defendant's commission of the underlying racketeering activity of Solicitation of Arson, pursuant to United States Sentencing Guidelines Manual §§ 2E1.1(a)(2) (Racketeering), 2K1.4(a)(1) (Arson), and 2X1.1(3)(A) (Solicitation). Because the defendant solicited a person under eighteen years of age to commit the crime of arson, the offense level is increased by two levels, pursuant to § 3B1.4. The defendant is viewed as being a minor participant in the racketeering conspiracy. Pursuant to § 3B1.2(b), the offense level is decreased by two levels. Because the defendant accepted responsibility, his offense level is further decreased by three levels. The Government, therefore, requests that his total offense level is 18.

The PSR has calculated his total offense level at 26; however, the Government will not present any evidence to support this offense level, pursuant to the plea agreement and the arguments contained in this sentencing memorandum.

    B.    <u>Criminal History Calculation</u>

The PSR calculated the defendant's criminal history to be a category V. The Government concurs with this revised calculation.

    C.    <u>Advisory Guidelines Range</u>

An offense level of 18, with a criminal history category V, results in a Guidelines range of 51-63 months.

## IMPOSITION OF SENTENCE

**I.**     <u>**Imposition of a Sentence under 18 U.S.C. § 3553**</u>

    A.    <u>18 U.S.C. § 3553(a) factors</u>

        1.    <u>The nature and circumstances of the offense</u>

The defendant was an active and self-admitted member of a violent street and prison gang that was responsible for murder, numerous attempted murders, stabbings, distribution of controlled substances, trafficking in firearms, theft, arson, intimidation and property destruction. His involvement was over a prolonged period of time, although he has only participated in the gang while in prison. The defendant has admitted to committing numerous crimes to further the gang, including solicitation of a minor to commit arson and obstruction of justice.

The successfulness of the defendant's gang was dependant on attracting individuals to join in their violent and anti-social activities. The defendant was fully aware of the purpose of BMC, yet he willingly joined and participated in its criminal activities. The defendant's willingness to promote, encourage, and further the advances of this violent gang demands a significant prison sentence. Because the defendant's illegal acts consisted solely of letters

written from prison, it is the Government's position that a sentence of 51 months is sufficient, but not greater than necessary, to address the seriousness of the offense.

        2.        <u>The history and characteristics of the defendant</u>

The defendant has eight separate criminal convictions.  His first criminal conviction was at the age of thirteen, and he has continued to commit crimes throughout his adult life.  When the defendant was not incarcerated, he continuously violated the law.  Prior criminal justice sentences have failed to encourage the defendant to live a law abiding life.  He has served periods of misdemeanor and felony probation.  He has served time in jail, both as a juvenile and as an adult.  He has previously been committed to the Department of Juvenile Corrections.  He has served a retained jurisdiction.  Instead of taking advantage of the opportunities given, he has repeatedly violated the terms of his probation.  The state has expended considerable resources to provide the defendant the tools that he needs to be a productive law abiding citizen.  However, the defendant has failed to utilize those tools, opting instead to further the goals of his gang.  The defendant, while incarcerated in state prison, has continued to participate in the BMC gang and its anti-social endeavors.  The defendant has shown a complete unwillingness to live a law abiding life, whether he is on the streets or behind bars.

The defendant has reached the second highest criminal history category contemplated by the Guidelines at the young age of 24.  This factor demands a significant prison sentence.

        3.        <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment</u>

A significant prison sentence is warranted in order to reflect the seriousness of this defendant's offenses. According to the FBI's 2009 National Gang Threat Assessment, there are approximately one million gang members belonging to more than 20,000 gangs that were criminally active within all 50 states as of September of 2008.  This study found that gang

*GOVERNMENT'S SENTENCING MEMORANDUM - 5*

members are migrating from urban areas to rural areas at an alarming rate.  For those that live and work in rural Idaho and Oregon, particularly in the western Treasure Valley, a statistical analysis from the FBI is not necessary to inform them of what they already know.  Those individuals, like this defendant, that have willingly joined and furthered the criminal goals of violent street and prison gangs, have greatly affected the quality of life for those living in the Treasure Valley.  The proliferation of drive-by shootings in our community is the sole responsibility of criminal street gangs.  This defendant, and his fellow gang members, have shown a complete disregard for the law and of their fellow citizens.  The sole purpose of BMC is to terrorize our community for their own selfish goals of power, respect, and money.  Therefore, a significant prison sentence is necessary.

        4.    <u>The need for the sentence imposed to afford adequate deterrence and to protect the public</u>

The primary justification for a significant prison sentence in this case is to protect the public.  This defendant has demonstrated through his criminal acts that he poses a risk to the public, even while he is incarcerated.  By furthering the goals of this violent street gang, he bears a degree of responsibility for the litany of violent acts committed by his gang.  Family members have suffered the loss of a loved one.  Neighborhoods have lost a sense of security due to the numerous drive-by shootings committed by this defendant's gang.  Members of BMC shot, stabbed, and threatened to kill people in our community.  A lengthy prison sentence will afford the public protection for a period of time while this defendant is incarcerated.  A significant prison sentence will not only deter this defendant from further participation in criminal street gangs, but will hopefully deter others who may be tempted to devote their lives to such destructive activity.

B.	Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)

The government's low end guidelines recommendation is based in part on the fact that such a sentence properly reflects the accumulated wisdom and expertise of the Sentencing Commission, and serves the vital goal of uniformity and fairness in sentencing. The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). It remains, however, that "the Commission fills an important institutional role: It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id.* at 108-09 (internal quotation marks omitted). Thus, "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The guidelines are the sole means available for assuring some measure of uniformity in sentencing, thereby fulfilling a key congressional goal in adopting the Sentencing Reform Act of 1984. Reference to the guidelines, while carefully considering the 3553(a) factors, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments. Therefore, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6.

The guidelines deserve significant respect. The government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness. A district court, however, must consider the guidelines range, *see* § 3553(a)(4), and is usually well-advised to follow the Sentencing Commission's advice in order to assure fair, proportionate, and uniform sentencing of

criminal offenders. Moreover, there are no other 3553(a) factors in this case which mitigate against imposition of a sentence within that range; to the contrary, the 3553(a) factors on balance support the imposition of the recommended guidelines sentence. Accordingly, the government recommends a within-guidelines sentence of 51 months.

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 51 months for the defendant's commission of the crime of conspiracy to participate in a racketeering activity and unlawful possession of a firearm. The government submits that a sentence of 51 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 14th day of February, 2011.

WENDY J. OLSON
United States Attorney
By:

_____
/s/ Christian S. Nafzger
Assistant United States Attorney

*GOVERNMENT'S SENTENCING MEMORANDUM - 8*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2012, the foregoing Government's Sentencing Memorandum was electronically filed with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to the following person:

Philip H. Gordon
Gordon Law Office
623 West Hays Street
Boise, Idaho 83702
pgordan@gordanlawoffices.com

                                                                                                                                  _____
                                                                                                                                  /s/ Christian S. Nafzger

*GOVERNMENT'S SENTENCING MEMORANDUM - 9*