WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ASSISTANT UNITED STATES ATTORNEYS
ANN T. WICK, IDAHO STATE BAR NO. 7119
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA
800 PARK BOULEVARD, SUITE 600
BOISE, IDAHO  83712
TELEPHONE:  (208) 334-1211

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No.: CR 11-068-S-EJL |
| Plaintiff, | ) |
| | ) GOVERNMENT'S |
| vs. | ) MEMORANDUM IN |
| | ) OPPOSITION TO GARCIA'S |
| OSCAR GARCIA, a/k/a "Bubba," a/k/a "Tiny," and | ) MOTION TO DISMISS THE |
| AMANDO TORRES, a/k/a "Toro," | ) INDICTMENT (VENUE) |
| | ) |
| Defendants. | ) |
| | ) |

The United States of America, by and through Wendy J. Olson, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, hereby submits the following response to Oscar Garcia's motion to dismiss the Indictment based upon improper venue in the District of Idaho, joined by Amando Torres.  (Docket # 234, 240).  The Court should deny the defendants' motion.

**Government's Memorandum in Opposition to
Garcia's Motion to Dismiss the Indictment (Venue) - 1**

## BACKGROUND

On March 9, 2011, the Grand Jury returned a 34-page Indictment charging 11 members of the "Brown Magic Clica" (BMC) street gang with criminal violations of 18 U.S.C. §§ 1962(d) (Conspiracy to Participate in a Racketeering Enterprise (RICO Conspiracy)), 1959(a) (Violent Crimes in Aid of Racketeering (VICAR)), 922(g) (Unlawful Possession of a Firearm), and 21 U.S.C. § 841(a)(1) (Distributing a Controlled Substance). To date, five defendants have pleaded guilty, and one defendant is scheduled to change his plea on June 7, 2012. A jury trial for the five remaining defendants is scheduled for September 18, 2012.

On April 25, 26, and 27, defendants Oscar Garcia and Amando Torres filed twelve pre-trial motions. (Docket # 223-240). These motions included Garcia's motion to dismiss the Indictment based upon an allegation of improper venue in the District of Idaho. (Docket # 234). Torres joined in Garcia's motion to dismiss. (Docket # 240). This memorandum addresses the motion to dismiss the Indictment on the grounds of improper venue in the District of Idaho. The defendant's motion should be denied.

## APPLICABLE LAW

Federal crimes must be prosecuted in the judicial district in which they were committed. *See* U.S. Const., art. III, § 2, U.S. Const. amend. VI; Fed.R.Crim.P. 18; *United States v. Rodriguez-Moreno*, 526 U.S. 275, 278-79 (1999). An "offense begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). "Venue is proper under § 3237 when 'an essential conduct element' of the offense continues into the charging district." *United States v. Stinson*, 647 F.3d 1196, 1204 (9th Cir. 2011) *quoting*

*United States v. Rodriguez-Moreno*, 526 U.S. 275, 280-82 (1999).  In a conspiracy prosecution, venue is proper in any district in which "an overt act in furtherance of the conspiracy was committed." *United States v. Naranjo*, 14 F.3d 145, 147 (2nd Cir.1994).  This includes not just acts by co-conspirators, but also acts that the conspirators caused others to take that materially furthered the ends of the conspiracy. *See United States v. Svoboda*, 347 F.3d 471, 483 (2nd Cir.2003) (stating that venue is proper in a district where the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur).

In determining where venue is appropriate, "a court should ask whether the criminal acts in question bear 'substantial contacts' with any given venue." *United States v. Saavedra*, 223 F.3d 85, 93 (2nd Cir. 2000) *quoting United States v. Reed*, 773 F.2d 477, 481 (2nd Cir. 1985).  "This test takes into account (1) the site of the crime; (2) its elements and nature; (3) the place where the effect of the criminal conduct occurs, and; (4) suitability of the venue chosen for accurate fact finding." *Id*.  When contested, venue is a question of fact for the jury, and must be proven by a preponderance of the evidence.  *See United States v. Johnson*, 510 F.3d 521, 524 (4th Cir. 2007); *United States v. Miller*, 111 F.3d 747, 756 (10th Cir. 1997).

## ARGUMENT

Venue for the racketeering charges listed in the Indictment is proper in the District of Idaho.  Both RICO conspiracy and VICAR contain the essential element of an enterprise.  The Indictment alleges BMC is an enterprise as defined in 18 U.S.C. § 1961(4).  The BMC enterprise conducted much of its activity in the District of Idaho.  Members of the conspiracy engaged in overt acts in furtherance of the conspiracy in the District of Idaho.  The defendant's motion should be denied.

The essential elements of RICO conspiracy are: (1) that an enterprise exists; (2) that the defendant is associated with that enterprise, and; (3) that the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity. *See United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991). Venue for a RICO conspiracy charge is proper in any district in which an overt act in furtherance of the conspiracy was committed. *See United States v. Royer*, 549 F.3d 886, 895 (2nd Cir. 2008).

The essential elements of a VICAR offense are: "(1) that the criminal organization exists; (2) that the organization is a racketeering enterprise; (3) that the defendant committed a violent crime; and (4) that the defendant acted for the purpose of promoting his position in a racketeering enterprise." *See Stinson*, 647 F.3d at 1204. VICAR is a continuing offense for venue purposes. *See id.* Courts have uniformly held that a VICAR violation constitutes a continuing offense that may be brought in any district where the enterprise conducted its affairs, as well as the district where the underlying crime of violence occurred. *See United States v. Saavedra*, 223 F.3d 85, 88-94 (2nd Cir. 2000), *United States v. Williams*, 181 F.Supp. 2nd 267, 290-92 (S.D.N.Y. 2001); *United States v. Aiken*, 76 F.Supp. 2d 1346, 1349-51 (S.D.Fla. 1999); *United Staets v. DeJesus*, 48 F.Supp. 2d 275, 278 (S.D.N.Y. 1998); *United States v. Perez*, 940 F.Supp. 540, 547-49 (S.D.N.Y. 1996). These courts explain that a VICAR offense is not limited to the commission of the underlying crime of violence, which may be a discrete act committed in one district, but rather also encompasses such crimes of violence committed to gain entrance to, or maintain or increase a position in, an enterprise. Additionally, where the government charges a defendant with a RICO conspiracy, it is proper to charge related VICAR offenses in the same venue. *See Aiken*, 76 F.Supp.2d at 1350–51.

**Government's Memorandum in Opposition to**
**Garcia's Motion to Dismiss the Indictment (Venue) - 4**

Because the BMC enterprise conducted much of its affairs in the District of Idaho, venue for the RICO conspiracy and VICAR counts are appropriately brought here. The Indictment alleges that members of BMC operated throughout "Canyon, Payette, Owyhee, and Ada Counties in the District of Idaho." Indictment ¶ 1. Numerous members are incarcerated in Idaho prisons, and frequently communicate with BMC members via oral and written correspondence. *See* Indictment ¶ 4. BMC enforces gang rules, and controls members of other Sureno gangs, in the Idaho Maximum Security Institution. *See id*. During BMC meetings, BMC members discussed and reinforced "the desire to strengthen and promote BMC in . . . southwestern Idaho." Indictment ¶ 8. BMC members communicated with telephone calls and letters which crossed the state lines of Idaho and Oregon, and "frequently crossed between Idaho and Oregon for gang meetings and criminal activity." Indictment ¶ 11.

Count One of the Indictment, charging RICO conspiracy, alleges the defendants conspired to participate in a racketeering enterprise "in the District of Idaho." Indictment ¶ 15. Of the 71 overt acts in furtherance of the conspiracy alleged in the Indictment, approximately 54 occurred within the District of Idaho, including the following:

(1) a shooting in Caldwell, Idaho (¶ 20(b));
(2) a murder in Fruitland, Idaho (¶ 20(d));
(3) a shooting in Parma, Idaho (¶ 20(f));
(4) possession of a sawed-off shotgun in Boise, Idaho (¶ 20(k));
(5) a stabbing in Caldwell, Idaho (¶ 20(m));
(6) a riot at the Idaho Maximum Security Prison (¶ 20(n));
(7) 21 letters to and from BMC members in Idaho prisons (¶ 20(o), (p), (s), (t), (v), (x), (dd), (ll), (uu), (ww), (xx), (yy), (ddd), (eee), (fff), (jjj), (mmm), (nnn), (ppp), (qqq), (rrr));
(8) 17 telephone conversations between BMC members in Idaho prisons and BMC members and associates in Idaho and Oregon (¶ 20(r), (w), (y), (aa), (bb), (cc), (ee), (ff), (gg), (hh), (ii), (jj), (kk), (nn), (oo), (qq), (rr) );
(9) a battery at the Idaho Maximum Security Institution (¶ 20(z));

**Government's Memorandum in Opposition to**
**Garcia's Motion to Dismiss the Indictment (Venue) - 5**

(10)　3 BMC meetings (¶ 20(aaa), (hhh), (iii));
(11)　5 sales of controlled substances (¶ 20(vv), (zz), (bbb), (ccc), (kkk)); and
(12)　an assault with a knife (¶ 20(sss));

The actions of the members of the enterprise, as alleged in the Indictment, establish that BMC had substantial contacts with the District of Idaho during the time frame of the conspiracy. Substantially more overt acts in furtherance of the conspiracy occurred in Idaho than any other district. BMC conducted much of its affairs in the District of Idaho, and frequently communicated with BMC members who were incarcerated in Idaho prisons. Many of the overt acts committed in the District of Idaho were criminal violations where the effect of the act was in the District of Idaho. Because the BMC enterprise had substantial contacts with the District of Idaho, and overt acts in furtherance of the conspiracy were committed by BMC members and associates in the District of Idaho, venue for the RICO conspiracy charge is properly in Idaho.

Counts Four, Five, and Six charge violent crimes in aid of racketeering (VICAR). Each count alleges the crimes occurred "in the Districts of Idaho and Oregon." They also each allege that the violent act was committed "for the purpose of maintaining and increasing position in the BMC gang." These crimes constitute continuing criminal offenses which may be brought in the District where the enterprise conducted its affairs. *See Stinson*, 647 F.3d at 1204; *Saavedra*, 223 F.3d at 88-94; *Williams*, 181 F.Supp. 2nd at 290-92; *Aiken*, 76 F.Supp. 2d at 1349-51; *DeJesus*, 48 F.Supp. 2d at 278; *Perez*, 940 F.Supp. at 547-49. Additionally, because venue in the District of Idaho is appropriate for the RICO conspiracy charge, it is also appropriate for the VICAR charges. *See Aiken*, 76 F.Supp.2d at 1350–51.

The enterprise conducted activity in the District of Idaho, including overt acts in furtherance of the conspiracy, criminal acts, and communication with members incarcerated in

Idaho prisons.  Therefore, the BMC enterprise had substantial contacts with the District of Idaho. Venue for racketeering crimes committed by this enterprise, including RICO conspiracy and VICAR, is properly in the District of Idaho.

## CONCLUSION

Garcia's motions to dismiss the Indictment for improper venue (Docket # 234, 240) should be denied.

Dated this 29th day of May, 2012.

WENDY J. OLSON
United States Attorney
By:


/s/ Justin D. Whatcott
JUSTIN D. WHATCOTT
Assistant United States Attorney


## CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing **Government's Memorandum in Opposition to Defendant's Motions to Dismiss** was served on all parties named below this 29th day of May, 2012.

| | |
|---|---|
| Scott McKay | smckay@nbmlaw.com |
| C. Thomas Arkoosh | tarkoosh@capitollawgroup.com |

/s/ Katherine J. Cotton
Legal Assistant