WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ASSISTANT UNITED STATES ATTORNEYS
CHRISTOPHER S. ATWOOD, IDAHO STATE BAR NO. 7013
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA
800 PARK BOULEVARD, SUITE 600
BOISE, IDAHO  83712
TELEPHONE:  (208) 334-1211

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No.: CR 11-068-S-EJL |
| Plaintiff, | ) |
| | ) GOVERNMENT'S |
| vs. | ) MEMORANDUM IN |
| | ) OPPOSITION TO |
| | ) DEFENDANTS' MOTION IN |
| JUAN JIMENEZ, a/k/a "Loco," | ) LIMINE |
| | ) |
| Defendant. | ) |
| | ) |

The United States of America, by and through Wendy J. Olson, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, hereby submits the following response to the Defendants' motion in limine, filed on December 18, 2012.  (ECF # 329).  The Defendant asks this Court to enter an order prohibiting the Government from presenting relevant evidence on the grounds that such would violate his constitutional right to be free from double jeopardy.  This Court should deny the Defendant's motion.

## BACKGROUND

On March 9, 2011, the Grand Jury returned a 34-page Indictment charging 11 members of the "Brown Magic Clica" (BMC) street gang with criminal violations of 18 U.S.C. §§ 1962(d) (Conspiracy to Participate in a Racketeering Enterprise (RICO Conspiracy)), 1959(a) (Violent Crimes in Aid of Racketeering (VICAR)), 922(g) (Unlawful Possession of a Firearm), and 21 U.S.C. § 841(a)(1) (Distributing a Controlled Substance).  To date, nine defendants have pleaded guilty.  The Defendant, Juan Anthony Jiminez, and co-defendant Oscar Garcia, are currently scheduled for trial on February 12, 2012.

The Indictment charges the Defendant in Count One with Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d).  The Indictment alleges that the Defendant is a member of BMC, the alleged racketeering enterprise.  *See* Indictment, ¶ 1.  (ECF # 1).  The Indictment further alleges that BMC members were required to commit acts of violence against rival gang members "on site."  *See* Indictment, ¶ 7, 10. (ECF # 1).  Such acts of violence against rival gang members accorded increased respect to the member.  *See* Indictment, ¶ 7, 10. (ECF # 1).  A failure to follow BMC rules, including a failure to support fellow gang members, resulted in a member receiving discipline in the form of a beating by other gang members.  *See* Indictment, ¶ 9.  (ECF # 1).

Count One of the Indictment also alleges numerous overt acts in furtherance of the conspiracy.  *See* Indictment, ¶ 20.  (ECF # 1).  Paragraph 20(m) alleges that, on

Government's Memorandum in Opposition to Defendant's Motion in Limine - 2

September 9, 2007, the Defendant, along with BMC gang member, R.N., got into a confrontation with J.V., a rival gang member. R.N. physically attached J.V. and the Defendant then stabbed J.V. in the abdomen with a knife.

The State of Idaho charged the Defendant with Aggravated Battery for stabbing J.V. in 2007. The Defendant proceeded to a jury trial, where he was convicted of Aggravated Battery in 2008. He was sentenced to fifteen years imprisonment.

## SUMMARY OF THE ARGUMENT

The Defendant's arguments are contrary to law and should be rejected by this Court. Neither the Double Jeopardy Clause, nor the principle of collateral estoppel, prohibit the admission of relevant evidence at trial. RICO conspiracy offenses, and their underlying predicate racketeering acts, are separate offenses for double jeopardy purposes and may be consecutively prosecuted and cumulatively punished. The dual sovereignty doctrine provides that double jeopardy and collateral estoppel principles are not violated by charging state offenses, on which the Defendant was previously convicted or acquitted in state prosecutions, as RICO predicate racketeering acts.

Evidence establishing that the Defendant stabbed a rival gang member who was in a violent confrontation with a BMC gang member is relevant to show that he conspired to participate in a racketeering enterprise, and is admissible at trial. The Defendant's argument regarding application of the United States Sentencing Guidelines is not ripe, as he has yet to be convicted of any offense. In the event the Defendant is convicted, he can

object to any application of the guidelines at that time. The Defendant's motion should be denied.

## APPLICABLE LAW

The Double Jeopardy Clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after a conviction; and (3) multiple punishments for the same offense. *See Ohio v. Johnson*, 467 U.S. 493, 498 (1984). The Double Jeopardy Clause bars multiple trials for the same offense. *See Blockburger v. United States,* 284 U.S. 299, 301-304 (1932). The Double Jeopardy Clause does not prohibit the admission of evidence, however. *See United States v. Hicks*, 145 F.3d 1342 (9th Cir. 1998), citing *United States v. Govro*, 833 F.2d 135, 136 (9th Cir.1987). The admissibility of evidence at a criminal trial is governed by the Federal Rules of Evidence. *See* FED. R. EVID. 1101.

The Double Jeopardy Clause does not bar successive federal and state prosecutions for offenses arising from the same acts. *See Abbate v. United States*, 359 U.S. 187, 195-196 (1959); *Bartkus v. Illinois*, 359 U.S. 121, 132 (1959); *United States v. Lanza*, 260 U.S. 377, 382 (1922). Collateral estoppel is "embodied" in the Fifth Amendment guarantee against double jeopardy[1]. *Ashe v. Swenson*, 397 U.S. 436, 445 (1970). But the Double Jeopardy Clause – and, therefore, the collateral-estoppel doctrine – is inapplicable when two different sovereigns prosecute the same criminal act. *See Heath v. Alabama*,

---

[1]Portions of this legal analysis are taken verbatim from this Court's Memorandum Decision and Order denying motions to dismiss filed by the defendants in this case. (ECF # 330).

Government's Memorandum in Opposition to Defendant's Motion in Limine - 4

474 U.S. 82 (1985). The dual-sovereignty doctrine allows the federal government and a state government to bring successive prosecutions for offenses arising from the same criminal act. *Id.*, *Abbate*, 359 U.S. at 195-196. The central concept underlying this doctrine is that "two identical offenses are not the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by two different sovereigns." *Heath* at 92. Rather, "[w]hen a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.'" *Id.* at 88, *see also Lanza*, 260 U.S. at 382.

A substantive or conspiracy offense charged under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and its underlying predicate racketeering acts, are separate offenses for Double Jeopardy purposes, and may be consecutively prosecuted and cumulatively punished. *See*, e.g., *United States v. Luong*, 393 F.3d 913, 916-17 (9th Cir. 2004); *United States v. Corrado*, 304 F.3d 593, 609 n.8 (6th Cir. 2002); *United States v. Doyle*, 121 F.3d 1078, 1091 (7th Cir. 1997); *United States v. Crosby*, 20 F.3d 480, 483-84 (D.C. Cir. 1994), cert. denied, 514 U.S. 1052 (1995); *United States v. Deshaw*, 974 F.2d 667, 671 (5th Cir. 1994); *United States v. Link*, 921 F.2d 1522, 1529-30 (11th Cir. 1991); *United States v. Beale*, 921 F.2d 1412, 1437 (11th Cir. 1991); United States v. Esposito, 912 F.2d 60, 62-67 (3d Cir. 1990); *United States v. Greenleaf*, 692 F.2d 182, 189 (1st Cir. 1982); *United States v. Hawkins*, 658 F.2d 279, 287 (5th Cir. 1991).

Under the dual sovereignty doctrine, double jeopardy and collateral estoppel principles are not violated by charging state offenses as RICO predicate racketeering acts,

regardless of whether a defendant was acquitted or convicted in a state prosecution arising from the same acts. *See United States v. Solano*, 605 F.2d 1141, 1142-43 (9th Cir. 1979); *United States v. Giovanelli*, 945 F.2d 479, 491-93 (2d Cir. 1991); *United States v. Farmer*, 924 F.2d 647, 649-50 (7th Cir. 1991); *United States v. Pungitore*, 910 F.2d 1084, 1105-07 (3d Cir. 1990); *United States v. Paone*, 782 F.2d 386, 396 (2d Cir, 1989); *United States v. Russotti*, 717 F.2d 27, 30-32 (2d Cir. 1983); *United States v. Aleman*, 609 F.2d 298, 309 (7th Cir. 1979).

## ARGUMENT

**1.    Neither the Double Jeopardy Clause, nor the doctrine of collateral estoppel, prohibits the Government from presenting relevant evidence of a criminal act which led to a state conviction.**

The Double Jeopardy clause is not violated by the admission of relevant evidence against the Defendant in this prosecution.  Likewise, the collateral estoppel doctrine does not prohibit the Government from presenting relevant evidence.  Rather, both doctrines prohibit successive prosecutions for the same offense arising from the same act.  The dual sovereignty doctrine permits the United States to prosecute for conduct which resulted in a conviction in state court, however.  The Defendant's argument is without merit and should be denied.

The Defendant erroneously claims that he is being charged with attempted murder under Idaho law.  The Indictment clearly charges the Defendant with Conspiracy to Participate in a Racketeering Enterprise in violation of 18 U.S.C. § 1962(d).  The Indictment alleges that the Defendant agreed to participate in the BMC enterprise, and

Government's Memorandum in Opposition to Defendant's Motion in Limine - 6

agreed that members of the enterprise would commit at least two predicate racketeering acts. The Defendant is not charged with committing a predicate racketeering act, nor is he charged with a Violent Crime in Aid of Racketeering in violation of 18 U.S.C. § 1959. Thus, his claim that he is being prosecuted for the identical crime he was convicted of in state court is in error.

Even if the Defendant were charged with a predicate racketeering act or a violent crime in aid of racketeering, resulting from the conduct underlying his state conviction, this would not violate the Double Jeopardy Clause. First, RICO conspiracy offenses and predicate acts are separate offenses for Double Jeopardy purposes, and may be consecutively prosecuted and cumulatively punished. *See*, e.g., *Luong*, 393 F.3d at 916-17. Second, the dual sovereignty doctrine permits the Government to prosecute an offense that was charged in state court as a RICO predicate act, regardless of whether the defendant was convicted or acquitted. *See Solano*, 605 F.2d at 1142-43. Thus, even if the Defendant were charged in federal court with the identical crime of Aggravated Battery, this would not violate his constitutional right against Double Jeopardy.

Even though the charge of Conspiracy to Participate in a Racketeering Enterprise in violation of federal law is not the same offense as Aggravated Battery in violation of Idaho law, the Defendant argues that presenting evidence of the conduct underlying his state conviction violates the Double Jeopardy clause and collateral estoppel principles. The Defendant's arguments fail to recognize that the Double Jeopardy clause prohibits only multiple trials for the same offense. *See Blockburger,* 284 U.S. at 301-304. "[T]he

double jeopardy clause does not prohibit the admission of evidence." *Hicks*, 145 F.3d at 1342.  The Defendant cites to no authority which applies either double jeopardy or collateral estoppel principles to prohibit the admission of relevant evidence.

Regardless of how the Defendant presents his arguments, the dual-sovereignty doctrine permits the Government to prosecute for conduct which resulted in a conviction in state court.  If the Government can prosecute the Defendant for the same conduct resulting in a state conviction, it follows that the Government can present the evidence underlying that conviction in a federal prosecution.  The Defendant cites to no case law to the contrary.

This Court previously denied a motion to dismiss filed by co-defendant Oscar Garcia, in which he relied upon a substantially similar argument.  Garcia argued that the current prosecution violated the principle of collateral estoppel because he was previously convicted of manslaughter and assault in Oregon state court for the conduct detailed in Counts Five and Six of the Indictment, which charge Murder and Attempted Murder in Aid of Racketeering..  *See* Memorandum Decision and Order at 21-24.  (ECF # 330).  In denying Garcia's motion, this Court specifically noted that "the dual sovereignty doctrine permits successive prosecutions."  *Id*. at 22.  The Defendant's argument is identical to the argument made by Garcia and rejected by this Court.  The Defendant's argument is weaker than Garcia's, however, because he is not charged with a substantive crime resulting from the conduct underlying the state conviction.  Rather, the Indictment alleges that this conduct is relevant evidence because it is an overt act in furtherance of the

conspiracy. This Court should again find that neither the Double Jeopardy clause, nor the doctrine of collateral estoppel, prohibits the Government from prosecuting, or presenting relevant evidence of, criminal acts which formed the basis of a state conviction.

> **2. Evidence that the Defendant stabbed a rival gang with a knife is relevant to the charge of Conspiracy to Participate in a Racketeering Enterprise.**

The Government's evidence showing that the Defendant stabbed a rival gang member who was fighting with a BMC member is relevant and admissible to show the Defendant's participation in the racketeering conspiracy. The conduct occurred during time period charged in Count One of the Indictment, and is evidence of (1) the Defendant's association with the BMC enterprise and BMC members; (2) the Defendant's adherence to specific BMC rules requiring violent attacks on rival gang members; (3) the Defendant's support of a fellow BMC gang member in a violent altercation, and; (4) the Defendant's agreement with and adherence to the general structure, rules, and expected conduct imposed upon BMC members.

The evidence will show that, on September 9, 2007, the Defendant entered a gas station in Canyon County, Idaho, with fellow BMC member R.N. After entering the gas station, R.N. got into a physical confrontation with J.V., a member of the Northside gang, which is a rival to BMC. R.N. punched J.V. in the face. The Defendant then approached J.V. with a knife in his hand, and stabbed J.V. in the abdomen. The Defendant and R.N. then left the gas station together and got into a vehicle. They were later arrested together.

This evidence is relevant to the charge of Conspiracy to Participate in a Racketeering Enterprise.  The evidence will show that BMC is a racketeering enterprise, with rules requiring violent attacks against rival gang members and against anyone who shows a BMC member disrespect.  The evidence will also establish that BMC gang members are expected to "back up" any fellow gang member in any altercation.  BMC members are afforded increased respect for committing criminal acts, commonly known as "putting in work."  BMC members give significant respect to members who commit acts of violence, especially those against rival gang members.

The Defendant's act of stabbing J.V. was motivated either by his desire to attack a rival gang member, his desire to support his fellow gang member, his desire to increase his respect within the gang, or all of the above.  The evidence of this violence act is relevant to show the Defendant's association with BMC, his agreement to participate in BMC and to follow its rules, and to show that BMC members committed acts of violence in furtherance of the gang.  As such, it is relevant to establish the Defendant's involvement in a conspiracy, the aim of which was to participate in a racketeering enterprise.  The Defendant's motion to prevent the admission of this evidence should be denied.

    **3.**    **The Defendant's argument regarding application of the United States Sentencing Guidelines is not ripe for review, as he has not yet been convicted of any offense.**

The Defendant's argument relies in part upon the likelihood that the conduct which resulted in his state conviction will be used to determine his guideline range.  Again, the

Defendant cites to no case law which would support precluding relevant evidence on these grounds.  Rather, the possibility that his guideline could be determined by the alleged stabbing further reinforces the relevance of this evidence.  However, a determination of the potential application of the guidelines to the Defendant is not ripe, as he has not yet been convicted.  In the event the Defendant is convicted of Conspiracy to Participate in a Racketeering Enterprise, he can then object to the application of the guideline to this conduct.  His arguments do not support his request to prohibit the Government from presenting this relevant evidence, however.

## CONCLUSION

The Defendant's motion in limine should be denied.

Dated this 28th day of December, 2012.

                                                  WENDY J. OLSON
                                                  United States Attorney
                                                  By:


                                                  /s/ Justin D. Whatcott
                                                  JUSTIN D. WHATCOTT
                                                  Assistant United States Attorney

## CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing **Government's Memorandum in Opposition to Defendant's Motion in Limine** was served on all parties named below this 28th day of December, 2012.

| | |
|---|---|
| Scott McKay | smckay@nbmlaw.com |
| J.D. Merris | jmerris@cableone.net; jmerris@earthlink.net |

/s/ Katherine J. Cotton
Legal Assistant