J. D. Merris (ISB No. 2386)
Merris & Naugle, PLLC
913 West River Street, Suite 420
Boise, ID 83702
Telephone: (208) 336-2060
Facsimile: (208) 336-2059

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>vs.<br><br>JUAN ANTHONY JIMENEZ,<br>　　　　Defendant | Case No. CR 11-068-S-EJL<br><br>**DEFENDANT JIMENEZ'S<br>SENTENCING MEMORANDUM** |

　　　　The Court must "impose a sentence sufficient, but not greater than necessary" to meet the purposes of sentencing. *See*, 18 U.S.C. § 3553(a). All sentencing proceedings begin by correctly calculating the applicable Guidelines Range. *Gall v. United States*, 552 U.S. 38, 49 (2007). The Court must then consider the § 3553(a) factors and determine whether they support the sentence requested by the parties. *Id.*

　　　　The parties have agreed that the applicable Guidelines Range was properly calculated in the Presentence Investigation Report (PSR) as 100 – 125 months. The factors in §3553(a) (1) and (2) to then be considered are:

　　　　(1)　the nature and circumstances of the offense and the history and

　　　　　　characteristics of the defendant (§ 3553(a)(1);

　　　　(2)　the need for the sentence imposed ---

**DEFENDANT JIMENEZ'S SENTENCING MEMORANDUM -** 1

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  Defendant Juan Jimenez pled guilty to participating in the Brown Magic Clique (BMC), a gang that qualified as a racketeering enterprise. He did not, at his change of plea hearing, address any of the overt acts that the Indictment alleged that he participated in; however, as part of his agreement with the government, he is not challenging the specific findings in the PSR. He has agreed to respect the Guideline Range found in the PSR and argue for application of the §3553 factors that might give the Court reason to give a sentence within or below the 100-125 month range.

  Technically, the conspiracy to violate RICO can be thought of as a status offense, in that, simply being in the racketeering gang satisfies the elements of the crime. Juan has been found by a jury to have done much more than simply have been a member of BMC. Indeed, he is serving a 15-year sentence with 9 years fixed in the Idaho prison system for having been found guilty of a crime described in the Indictment in this matter. He has served 6 of those years at this time.

Juan is 29 years of age.  Since, he turned 18, he has only been out of the prison system in either Oregon or Idaho for a total of 3 years.  He is getting tired of being there.  When he was younger, the time in prison seemed to only be an extension of gang life.  However, his gang status during his current prison term has led to him being in maximum security custody for the last 4 years.  He was involved in a fight with rival gang members, but everyone lost with prison authorities -- with Juan also losing physically.  He has recovered from his physical injuries, but because of his current "max" status, he is not able to participate in any prison educational or vocational programs.  He has been a model prisoner for the most part while in "max".  He is the inmate barber for his housing area.

The PSR describes the difficulties in Juan's early childhood.  He has grown to appreciate the effect on children of the lack of parental concern therefore he tries to maintain a relationship as best he can with his children.  He will continue his efforts as he pays his obligations to society.

The letters of support from people that know him, indicate a man with potential.  He is now older, and, with age, he has matured.  Previously, he incorrectly thought that fear equated to respect.  He knows better now.

A sentence in this matter, considering the PSR calculated range, will satisfy the demands of § 3553(2).  Juan, arguably, was sentenced in the state proceeding with his BMC history in mind. The Department of Justice's Bureau of Justice Statistics in its Selected Findings (Number 4, April 1995) found that the average violent offender in state prisons (Homicide down to Assault convictions) was sentenced to 89 months and served 43 months before release on parole.  Juan was sentenced by the Idaho District Court to 180 months, and he will have served 108 months before being considered for parole to his

federal detainer. He requests to simply be sentenced in this matter to the low end of the sentencing range, and that the sentence be ordered to be served concurrently with his state sentence.

Juan's gang affiliation and his gang activities have changed his life negatively. He is ready to start improving his life. At the same time, he realizes that he must be punished in this matter. A concurrent sentence at the low end of the guideline range is sufficient to meet the goals of sentencing.

DATED this 4th day of April, 2013

_____/s/_____
J. D. Merris
Attorney for Defendant

**DEFENDANT JIMENEZ'S SENTENCING MEMORANDUM -** 4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of April, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

>Wendy Olson
>United States Attorney
>Christian Nafzger, and
>Justin Whatcott
>Assistant United States Attorneys
>MK Plaza, Plaza IV
>800 Park Blvd., Suite 600
>Boise ID 83712
>
>Other parties as more fully
>reflected on the Notice of
>Electronic Filing

AND I FURTHER CERTIFY that on such date I served the forgoing on the following in the manner indicated:

Via email addressed as follows:

| | |
|---|---|
| Christian Nafzger and<br>Justin Whatcott<br>Assistant U.S. Attorneys<br>christian.nafzger@usdoj.gov<br>justin.whatcott@usdoj.gov | Mike Cruser<br>U.S. Probation Officer<br>mike_cruser@idp.uscourts.gov |

_____/s/_____.
J. D. MERRIS

**DEFENDANT JIMENEZ'S SENTENCING MEMORANDUM -** 5