J. D. Merris (ISB No. 2386)
671 East Riverpark Lane, Suite 210
Boise, ID 83706
Telephone: (208) 336-2060
Facsimile: (208) 336-2059
jd@merrislaw.com

Attorney for Defendant Jimenez

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br>JUAN ANTHONY JIMENEZ,<br><br>    Defendant. | Case No. CR 11-067-BLW<br><br>**MEMORANDUM REGARDING CONCURRENT SENTENCING FOR VIOLATIONS OF SUPERVISED RELEASE** |

Defendant Juan Anthony Jimenez, by and through his attorney of record, in anticipation of potential issues associated with his sentencing for violation of supervised release, submits this memorandum for the Court's consideration.

Defendant Jimenez is charged in an amended petition with violations of the terms of supervised release. (Dkt. 612). The final hearing on said amended petition is presently scheduled for August 1, 2022 at 9:00 am. Counsel for Defendant Jimenez has informally contacted the government and probation regarding potential resolution of this matter. Defendant Jimenez anticipates requesting the Court to sentence him concurrently with his state case CR 2007-24836, Third Judicial District Court, Canyon County, Idaho. Both Assistant United States Attorney Christian Nafzger, the assigned prosecutor, and Probation Officer Hailey Baker have stated that they don't object to such a concurrent sentence. It should be noted that Defendant Jimenez' original sentence, dated April 11, 2013 in this

matter, directed that Defendant's original sentence run concurrently with the same state case. (Dkt. 379, Page 2).

Defendant Jimenez anticipates requesting that he receive credit towards the Court's sentence for his incarceration prior to resolving his petition on supervised release. Note that Defendant Jimenez was brought before the Court to answer the Petition on Supervised Release via a Writ of Habeas Corpus ad prosequendum. (Dkt.595). Such a request for pre-sentencing credit, even if granted by the Court, runs contrary to Bureau of Prison's Sentence Computation Manual. The manual states, "Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time."

Defendant Jimenez requests that the Court, should it rule that Defendant is entitled to pre-sentencing credit for time served, subtract that time from his ultimate sentence for violating supervised release. See, *United States v. Harrington*, Idaho District Court Case Cr 19-97-DCN, Memorandum Decision and Order, April 6, 2022, Dkt. 91. Judge Nye overruling the policy of BOP regarding habeas corpus presentence credit by amending the Judgment to reflect the Court's true intention that defendant receive pre-sentence credit for time served.

Respectfully submitted this 31st day of July, 2022.

_____/s/_____
J. D. Merris
Attorney for Defendant Jimenez

MEMORANDUM REGARDING CONCURRENT SENTENCING - 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of July, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

> Joshua D. Hurwit
> United States Attorney
> Christian Nafzger
> Assistant United States Attorney
> Christian.Nafgzer@usdoj.gov
> 1290 West Myrtle Street, Suite 500
> Boise, ID 83702
>
> Other parties as more fully
> reflected on the Notice of
> Electronic Filing

_____/s/_____.
J. D. MERRIS

**MEMORANDUM REGARDING CONCURRENT SENTENCING - 3**